Catron, Ch. J.
delivered the opinion of the court.
This being the creation of a new jurisdiction, and to be proceeded in summarily, every thing necessary to give the defendant a proper knowledge of the charge against him must be stated, so that he may prepare himself for his defence. The cause of action is not properly set forth in this warrant. We think the circuit court decided correctly in arresting the judgment in this case, and are of opinion the judgment should be affirmed.
A motion was made to re-consider the judgment pf af-firmance entered in this cause undér the above opinion; and upon argument of the motion, the court delivered the following opinion.
Catron, Ch. J.,
delivered the opinion of the court.
The cause is again brought before the court upon a motion to reconsider the former opinion, holding that a warrant to answer plaintiff of a plea of trespass was insufficient. It is earnestly insisted that the circuit court was in an error, and this court is mistaken in affirming the judgment.
The act of 1829, ch. 24, provides, that any two justices of the peace shall have jurisdiction in all cases of damages, whether the same arise from matter of contract, or any kind of tort, or wrong done whatsoever, except actions of slander, where the damages claimed by the plaintiff do not exceed fifty dollars.
The second section authorizes the plaintiff to require, without affidavit of merits, bail to be taken in every case for the defendant’s appearance: if he fail, to appear, judgment is at once to be given against him and the security, for the debt and costs. If he fail to give bail, the consta *269 ble is to commit liim to the common jail until trial be had; of course at such time and place as to the constable may seem fit and proper. How far this section is altered by the act of 1831, prohibiting the imprisonment of the person in civil cases; or whether the first section cutting off the right of trial by jury where the demand is for an amount over twenty dollars, is unconstitutional, it is not now necessary'to enquire.
The legislature constituted a new tribunal, with jurisdiction to try a very large majority of the matters of controversy in the country. Not in one case in twenty, hardly one in fifty, do the damages sustained by the plaintiff exceed fifty dollars, taking injuries arising on matters of contract, of tort, and of wrongs done, together. This tribunal was authorized to imprison the person by force of its process; and yet it is insisted the face'of the process need give the defendant whilst in the common jail, not the slightest notice why he is there, save that it is at the instance of the plaintiff. And this we are told was supposed necessary by the legislature, because of the illiterate and ignorant condition of the magistrates of the country. The very extensive jurisdiction conferred, is a great contradiction of the assumed grounds of incapacity to state a plain fact. For instance, it is said this action in fact was brought for taking and carrying away the plaintiff’s colt. Why was not the defendant told so? Suppose bail had been required; the warrant at first was for fifty dollars damages, and the circuit court caused it to be altered to twenty; the constable had put the defendant into the jail; he had called on his neighbors to bail him: Is it probable, if poor, he could have obtained it? The plaintiff, under this warrant, could have charged him with any cause of action not barred by time. The cause might for want of obtaining the evidence have been continued a month, or more. Suppose he had applied for a writ of habeas corpus to a circuit court judge, who had called on the constable for the causes of caption and detention, deten *270 tion in a common jail! and as tho authority, this warrant had been produced as containing the cause-of complaint, and authority to imprison: Would any judge have supposed it sufficient? The truth must be, that the act of 1829 was passed on the supposition of high intelligence on part of the magistrates of the country; which in many instances, in almost every country, is true: and as evidence of the fact, this most unguarded law, has been executed with a degree of moderation, and even-handed justice, so as to produce rarely a complaint of its rigor. Is it possible to believe, .that any man in the commission of the peace is so very ignorant as not to be capable of stating on the face of the warrant, not in set form, but in substance, plainly and briefly, that the defendant is summoned to answer the plaintiff of a plea of trespass, for taking and carrying away his colt, or for killing his cow or his ox, or for throwing down his fence, or breaking op>en his house? It cannot be that this is requiring too much, when heretofore the courts had jurisdiction,- and it was necessary to set forth in set form, in a declaration, the whole fact for which the warrant is the substitute; and if the fact was not well alleged, the judgment was arrested, because no cause of action appeared on record. In such case the jury formerly found the defendant guilty in manner and form as the plaintiff had alleged against him: so in this cause, the jury found the defendant guilty of the trespass complained of, and assessed his damage to fifteen dollars. In giving judgment, the court must refer to the cause of complaint. Here was none set forth, and no judgment could be given. It.is anxiously urged, the decision will do great harm; that many causes are depending on general warrants like the present, and that many judgments have been given on such warrants. The defective warrants will be amended if required, and' the judgments are all valid, though erroneous. The application to alter the judgment of affirmance must be rejected.
Judgment affirmed.